**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO MILLA, an individual,

        Plaintiff-Appellant,

  v.

CITY OF LOS ANGELES, a municipal
entity; et al.,

        Defendants-Appellees.

No.    20-55925

D.C. No.
2:16-cv-00134-SVW-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 14, 2022
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.
Concurrence by Judge RAWLINSON

     After Plaintiff-Appellant Marco Milla was found to have been wrongfully

convicted of murder in 2002, a state court, in 2014, ordered his release. He then

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

brought a civil suit under 42 U.S.C. § 1983, stating claims, *inter alia*, for unlawful imprisonment and malicious prosecution against the detectives in charge of the original investigation. The district court granted summary judgment to these defendants, but in 2019, this Court reversed in part, holding, *inter alia*, that the district court erred in concluding that probable cause existed and in granting summary judgment on the malicious prosecution claim. *See Milla v. City of Los Angeles et al.*, 752 F. App'x 507, 508 (9th Cir. 2019). We assigned the case to a different judge on remand because of "real doubts as to the care with which Milla's claims were examined." *Id.* at 509.

On remand, the new district court judge again granted summary judgment on Milla's malicious prosecution claim, finding that no genuine issues of material fact existed and no reasonable juror could find that Milla had rebutted the presumption that the prosecutor's independent judgment in charging Milla was an intervening cause to shield the detectives from liability. Milla appealed, arguing (1) that the rule of mandate and law of the case precluded the district court from granting summary judgment on the issue of causation, (2) that the district court applied the wrong standard in analyzing whether Milla had rebutted the presumption that the prosecutor's independent judgment was an intervening cause, and (3) that the district court erred in concluding that no reasonable juror could find that Milla had rebutted the presumption. We consider each of these points in turn:

2

**1.** Neither the rule of mandate nor law of the case doctrine prohibited the district court's consideration of causation. While this Court's previous disposition found that there were genuine issues of material fact as to probable cause that precluded summary judgment, rebutting the presumption of prosecutorial independent judgment on causation in malicious prosecution cases requires more than a lack of probable cause. *See Beck v. City of Upland*, 527 F.3d 853, 864–65 (9th Cir. 2008). Because causation was thus neither "decided explicitly" nor "by necessary implication" in our previous order, the district court did not violate the law of the case in considering it. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Neither did the district court violate the rule of mandate: while this Court's prior ruling might have suggested that the case should proceed to trial, the order did not explicitly remand for a trial nor foreclose consideration of the issue of causation on summary judgment. *See id.*

**2.** The district court erred in setting forth the standard a plaintiff must meet to rebut the presumption of prosecutorial independence. Milla was not required to show that the detectives acted knowingly or "with the intent to mislead." It is enough if the detectives acted maliciously or recklessly. *See Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981) (*Smiddy I*); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

**3.** The district court also erred in concluding that no reasonable juror could find that Milla had rebutted the presumption of prosecutorial independence. There were genuine issues of material fact regarding whether the detectives gave the prosecutor misleading or incomplete information regarding the photo identifications of Milla—the only evidence tying Milla to the shooting—and regarding Milla's alibi. The presumption of prosecutorial independence will be considered rebutted in circumstances including where the detectives "knowingly provided misinformation to [the prosecutor], concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067.

Taking the facts in the light most favorable to Milla, the circumstances surrounding what the detectives did or did not communicate to the prosecutor about Ramar Jenkins's identification, the photo lineups, and Milla's alibi are questions that must go to a jury. A reasonable juror could find that Milla had rebutted the presumption where the detectives told the prosecutor that Jenkins positively identified Milla without informing the prosecutor that the interview was re-taped, that the second interview was a set of highly leading questions, and that Jenkins had already been shown Milla's photo as part of an array on a previous occasion and had not identified Milla. It is a closer call whether the detectives' representation of Milla's alibi—failing to specifically mention that both Milla and

4

Alex Velarde said they were together at Milla's girlfriend's apartment or that the detectives had not yet interviewed the other alibi witnesses or otherwise investigated Milla's alibi—would, on its own, be sufficient to rebut the presumption of prosecutorial independence; however, in conjunction with the representations and/or omissions regarding the photo identifications, it further highlights why these questions must go to a jury.[1] The district court thus erred in granting summary judgment.

We therefore reverse and remand this case to the district court for a trial, making explicit that the case should proceed to trial.[2]

**REVERSED and REMANDED WITH INSTRUCTIONS.**

---

[1] The fact that the detectives brought hundreds of pages of materials to their meeting with the prosecutor, among which details of the photo identifications and alibi might have been discoverable, is beside the point—there was nothing in the record suggesting that the prosecutor actually reviewed the written materials during what was a verbal presentation by the detectives or afterwards, before making the decision to charge Milla. Neither can the detectives' lack of memory prevent Milla from surviving summary judgment where he put forward other evidence to create genuine disputes of material fact and where a reasonable juror could consider the entirety of the record and conclude that the detectives acted recklessly or maliciously in their representations or lack thereof to the prosecutor.

[2] The district court on remand should also, as instructed in this Court's previous order, determine whether the period of service of process should be extended as to Detective Vander Horck. *See Milla*, 752 F. App'x at 509.



*Milla v. City of Los Angeles*, Case No. 20-55925
**Rawlinson, Circuit Judge, concurring:**

I concur in the judgment. I write separately because my concurrence is predicated on a narrower assignment of error-violation of the rule of mandate. In the earlier appeal of this matter, the panel reversed entry of summary judgment because the district court ruled on contested facts "without the benefit of a hearing or oral argument." *Milla v. City of Los Angeles*, 725 F. Appx. 507, 509 (9th Cir. 2019). Yet, on remand the newly assigned judge replicated the error by once again granting summary judgment "without the benefit of a hearing or oral argument." *Id.* In my book, that is a violation of the rule of mandate. *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (observing that "the district court commits jurisdictional error if it takes actions that contradict the mandate") (citation and internal quotation marks omitted).

Because the district court on remand took "actions that contradict[ed] the mandate," *id.*, I would reverse on that basis and not reach the merits.

1